UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN LEROY SPENCER, | No. 2:13-cv-01626 AC P |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

I.      Procedural History

This action was initiated on August 7, 2013 by the filing of what was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  On August 20, 2013 the court ordered plaintiff to complete an affidavit to proceed in forma pauperis within thirty days.  ECF No. 5.  Following several extensions of time to do so, plaintiff filed a completed application to proceed in forma pauperis on January 14, 2014.  ECF No. 13.  Thereafter, on February 6, 2014, plaintiff filed a first amended complaint which supersedes any earlier complaint filed in this action.  ECF No. 15.

II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

2

1  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

2  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

3  566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

4  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

6        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

9  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

10  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

11  this standard, the court must accept as true the allegations of the complaint in question, Hospital

12  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

13  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

14  McKeithen, 395 U.S. 411, 421 (1969).

15  III.    Allegations in First Amended Complaint

16        In his first amended complaint, plaintiff names Tim Virga, the Warden at California State

17  Prison-Sacramento ("CSP-Sac"), and Eureka Daye, the C.E.O. of Mental Health Services at CSP-

18  Sac, as defendants.  ECF No. 15 at 2.  Plaintiff alleges that false and fraudulent documents were

19  filed by mental health staff causing him to be deliberately denied the ability to answer court

20  orders.  ECF No. 15 at 3.  By way of relief, plaintiff requests a million dollars in damages from

21  the five institutions involved in causing his pain and suffering.  Id.

22  IV.    Legal Standards

23        Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

24  518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and

25  civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the

26  frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access

27  claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).

28  Christopher v. Harbury, 536 U.S. 403, 412–15 (2002).  For backward-looking claims, plaintiff

"must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

V.     Analysis

Based on the sparse allegations contained in the first amended complaint, plaintiff has failed to state a cognizable First Amendment claim based on the denial of access to the courts or based on the improper interference with plaintiff's outgoing legal mail.  With respect to a denial of access to the courts claim, plaintiff has failed to identify any specific direct criminal appeal, habeas petition, or civil rights action that was frustrated by defendants' actions.  See Lewis v. Casey, 518 U.S. at 346.  Moreover, plaintiff does not identify what specific action(s) either defendant took that frustrated the litigation of a case.  Absent this basic information, plaintiff has failed to state a claim for the denial of his First Amendment right of access to the courts.

VI.    Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

1  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2       In accordance with the above, IT IS HEREBY ORDERED that:

3       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

4       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

5  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

6  1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

7  Director of the California Department of Corrections and Rehabilitation filed concurrently

8  herewith.

9       3. Plaintiff's complaint is dismissed.

10       4. Plaintiff is granted thirty days from the date of service of this order to file an amended

11  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

12  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

13  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

14  two copies of the amended complaint; failure to file an amended complaint in accordance with

15  this order will result in a recommendation that this action be dismissed.

16  DATED: June 26, 2014

17  _____
   ALLISON CLAIRE
18  UNITED STATES MAGISTRATE JUDGE

5